DOUCET, Judge.
The plaintiff-appellant seeks damages for a personal injury resulting from an inter-sectional collision with the defendant-appel-lee, Mr. John Droddy, Chief of Police of the Town of Forest Hill, Louisiana.
There are conflicts in the testimony as to exactly how the collision occurred. However, certain facts are clear. On January 22, 1983, at about 10:55 p.m., Ms. Conly was returning home from work. She was driving south on U.S. Highway 165, a two-lane highway, approaching its intersection with La. Hwy. 112, another two-lane highway. When she reached the intersection, she turned left onto Hwy. 112 in order to go east.
Traffic at the intersection of the two highways is regulated by a flashing signal. There is a single light flashing red for traffic on Hwy. 112 and a flashing yellow light for traffic on Hwy. 165. There is also a stop sign at the intersection for traffic on Hwy. 112.
At the same time, John Droddy was parked in a police vehicle on the shoulder of Hwy. 112. He was clocking northbound traffic on Hwy. 165, with stationary radar. After clocking a speeding truck going north on Hwy. 165, he cleared his radar and cheeked the truck’s speed again. Ascertaining that the truck was speeding, the defendant started his engine and pulled onto Hwy. 112 in the westbound lane. He stopped at the stop sign to allow the truck to pass the intersection. He did not turn on his flashing lights. As he moved out to make a right turn and pursue the speeder, he and Ms. Conly crashed together. Ms. Conly’s car sustained damage to the left front quarter panel at the wheel. The front left fender of Chief John Droddy’s car was damaged and the left turn signal was smashed.
Discrepancies appear in the testimony with regard to the manner in which Ms. Conly made her turn. According to her own testimony, Ms. Conly turned in front of the truck before it reached the intersection in order to get out of its way. She testified that it was swerving and that she was afraid it would come over into her lane if she did not turn before it got to the intersection. She further stated that she heard the defendant, John Droddy, start his engine after she began to turn and that he pulled onto the road and hit her, apparently all in one movement, without stopping. She said that Chief Droddy’s headlights were not on at the time of the collision.
David Patterson, the driver of the speeding truck testified that Ms. Conly’s ear crossed the double yellow line in the middle of Hwy. 165, crossed his (northbound) lane, and drove southward down the asphalt shoulder of the northbound lane for a short distance before either his or her vehicle reached the intersection. He stated that he had passed the intersection before the collision occurred. He did not see the police *74 car and was not aware of the accident until the next day.
Estelle Reeves, who was a passenger in the truck, testified that Ms. Conly turned into the intersection before the truck got to it. She said that she saw the police vehicle start to move without any headlights on. However, she stated that she did not see the collision.
Chief Droddy’s testimony indicated that he turned on his headlights and pulled onto Hwy. 112 after clocking the speeding truck. He said that he stopped at the stop sign while waiting for the truck to pass. As the truck passed the intersection he began to move forward in order to turn right into the northbound lane of Hwy. 165 to follow the truck. As he did this, Ms. Conly turned left from the southbound lane of Hwy. 165, crossing the yellow centerline and turning east into his lane of traffic on Hwy. 112, that is into the westbound lane, and hit his vehicle.
The trial judge found that the collision occurred entirely in the westbound lane of Hwy. 112, but that the damage to the vehicles did not indicate who hit who or who was negligent. He stated that "... the pictures and the physical evidence of the vehicles show that either vehicle could have been moving at the time of the collision, or either one could have been perfectly stationary.” Therefore, the judge rendered judgment based on the testimony of the witnesses. First explaining his reasons for discounting certain portions of the testimony, he drew conclusions as to what actually happened:
“I don’t think that the collision was a result of Mr. Droddy running a stop sign. At least from the legal standpoint, as the accident did not occur in the intersection. Whether he had his lights on or not was not a cause of the accident in fact, because Mrs. Conley [sic] testified that she saw Mr. Droddy before the accident.
It seems clear to this Court that Mrs. Conley [sic] was attempting to make a left turn into 112, and was attempting to avoid the Patterson vehicle, which was going north on 165, and in so doing she struck the vehicle belonging .... being driven by Chief Droddy and I think owned by the Village of Forest Hill. The accident occurred entirely in the westbound lane of 112. Chief Droddy was in his proper lane of traffic and the plaintiff encroached into his lane of traffic, and there the collision occurred, entirely in Chief Droddy’s lane of traffic, which was the west lane of Highway 112. The Court does not find that the accident occurred in 165 at all, and it was west ... east, rather, of the stop line. In essence the Court can not find that the plaintiff has borne it’s [sic] burden of proving negligence on the part of Chief Droddy, and therefore judgment will be rendered in favor of the defendants, dismissing the plaintiff’s demands, all at their cost.”
We cannot disturb these findings absent manifest error on the part of the trial judge. As the Louisiana Supreme Court explained in Canter v. Koehring, 283 So.2d 716 (La.1973),
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to' evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
Upon consideration of this standard and after review of the record, we cannot find *75 that the trial judge in this case lacked a reasonable factual basis for his finding. Based on reasonable evaluations of credibility, analysis of the physical evidence, and inferences of fact, all clearly outlined in his reasons for judgment, the trial judge ruled in favor of the defendant, dismissing the plaintiffs claims at her cost.
Therefore, we affirm the judgment of the trial court and assess the costs of this appeal against the plaintiff-appellant.
AFFIRMED.