YELVERTON, Judge.
Anthony Paul Darby, a personal injury plaintiff, appeals a jury award of $10,-000. He assigns two errors, first, that the jury’s inoridinately low award was the result of improper and confusing instructions by the trial court, and second, that the award was so low that it was an abuse of discretion. Because we find that the plaintiff failed to object to the instructions and, in fact, indicated on the record, when asked by the trial court before the charges were read, that he had no objections to the charges, we apply the statutory rule, La.C. C.P. art. 1793(C), that a party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. We likewise find that the verdict was not an abuse of the jury’s discretion. We affirm.
*1251 Plaintiff, a 20-year old gardener, was a passenger in an automobile in an accident on May 11, 1985, and suffered some injury to his right knee and his back. Several witnesses testified at trial. There was conflicting testimony as to whether Darby’s injuries were a result of the May 11 accident or another occurrence. He settled for the policy limits, totaling $30,000, as to some parties, and went to trial against Allstate, his underinsured motorist carrier. The settlements and amounts of the settlements were revealed to the jury.
Liability was admitted and the jury was asked to answer only two interrogatories, the first asking whether there was any connection between the accident and the injury, and the second, if the jury found a connection and answered yes to the first, addressing quantum. The trial judge chose to explain the verdict form at the very beginning of the charge and, in the process, said this:
“I suggest to you that in theory, your verdict can be from zero to two hundred and forty-five thousand ($245,000.00) dollars. Because that is the amount that the plaintiff sued for. So, anywheres within that range according to the facts that you arrive at, whatever that amount is you insert in here.”
Later in the charges the trial court read this to the jury:
“As stated to you, in awarding damages, you are to make an independent determination of the amount of damages which the plaintiff has suffered. Although you have heard testimony concerning money which Mr. Darby has already received in settlement against other parties, as well as testimony concerning the insurance policy limits of the present defendant, Allstate, you are to ignore these figures. You are to assess damages from zero to any dollar amount up to two hundred and forty-five thousand ($245,000.00) dollars which is the amount which was claimed, which you find from the evidence which the evidence justifies. The Court will then make any adjustments in the award as may be necessary. Again, your function is to arrive at a figure as to what you think his claim is worth, all right?”
The jury answered the first question on the interrogatory yes and inserted the amount of $10,000 in response to the second interrogatory. This, of course, resulted in the plaintiff recovering nothing from Allstate.
Plaintiff argues on appeal that the jury was confused by the above instruction, and that it was the jury’s intent to give an award of $10,000 over what he had already received in settlement. Plaintiff argues that the jury’s confusion was in not understanding whether, in calculating the amount of damages, they were to consider, or not consider, the $30,000 he had already received in settlement. As we will explain in a moment, we agree with counsel that the jury was confused at that point during the trial.
However confused the jury was, the attorneys were assuredly not, as both explained in detail in their closing arguments what the jury would have to do in order to give plaintiff something or not give plaintiff something.
The record shows that copies of the written charges were given to the attorneys before they were read to the jury. After the noon recess on the last day of trial the court convened out of the presence of the jury and the following colloquy appears in the record:
“BY THE COURT: All right. Let the record reflect upon convening pursuant to a noon recess, that the attorneys for the parties are present in Court. Pursuant to a pre-trial conference held with the attorneys, the Court has exhibited to the attorneys of record the instructions which it intends to read to the jury. Concerning the instructions, would there be any objections, additions or deletions from the plaintiff?
“BY (counsel for plaintiff): No, Your Honor.”
The charges were then read to the jury. Immediately after the jury was removed from the courtroom to begin its deliberations, the following colloquy took place:
*1252 “BY THE COURT: Let the record reflect that the jury has entered into their deliberation room, and at this time, again, I would like to ask the attorneys, both for plaintiff and defendant, if they have any further objections or additions or deletions to the instructions, as read to the jury. The plaintiff?
“BY (counsel for plaintiff): No, Your Honor.”
The jury was confused by the instruction. There is no doubt about that. During their deliberations they sent a message to the judge seeking further instructions. Their message read: “Are we awarding an amount over and above what the plaintiff has already received?”
After receiving that message the trial judge brought the jury back into the courtroom and gave them the following instruction:
“BY THE COURT: The Court has been handed this question which was propounded by the jury, and I will read it out loud. The question was: Are we awarding an amount over and above what the plaintiff has already received? As stated to you at the very beginning, you are to ignore whatever has been offered and received. Your job is to determine what his damages are in whatever amount. Now, as I explained to you, in theory it is from zero to two hundred and forty-five thousand ($245,-000.00) dollars. In theory, it cannot be more than that and it cannot be less than zero. It is up to you to figure whether it is ten thousand (10,000), fifteen thousand (15,000), twenty thousand (20,000), fifty thousand (50,000), a hundred thousand (100,000), whatever it is the facts would indicate to you that he is entitled to, irrespective of what has already been paid to him.
“And I would like to read to you this particular instruction. I know it is confusing. In awarding damages, you are to make an independent determination of the amount of damages which the plaintiff has suffered. Although you have heard testimony concerning money which Mr. Darby has already received in settlement against other parties, as well as testimony concerning the insurance policy limits of the present defendant, Allstate, you are to ignore these figures. You are to assess damages as you find them from a range from zero up to any dollar amount up to the amount that the plaintiff has asked for, which is two hundred and forty-five thousand (245,000).
“Now, what you find the evidence justifies, the Court will then make the necessary adjustments in the award as may be necessary in this case.
“So do not concern yourself with what he has had, only what his case is worth, what you feel it is worth. All right. Thank you.”
“(WHEREUPON, THE JURY WAS REMOVED FROM THE COURTROOM.)
“All right. Again, the Court will offer the opportunity to both plaintiff and defendant to enter objections or comments they would like to make concerning the supplemental instruction the Court has given pursuant to the request of the jury.”
Counsel for plaintiff then made an objection, the overruling of which is the basis for this appeal. Counsel objected to the clarification of the charge, on the ground that both the original and clarifying charges should have advised the jury that they should give credit to Allstate for the $30,000 previously paid by others.
In our opinion the objection to the clarifying instruction came too late to preserve to the plaintiff the right to assign as error the giving of the original ambiguous instruction. Having charted a course for the jury to follow, the trial judge was committed to that course and could only hope to clarify the ambiguity by his later instruction. Going back and taking an entirely different approach, which would have required giving the jury different charges and different interrogatories, could have created more confusion than already existed. If any error was committed, it was committed in the initial instruction, as to which opportunity was given to object and no objection was made. Plaintiff accord *1253 ingly lost his right to assign as error the giving of this instruction. We find that the clarifying instruction, taken in conjunction with the original instruction, was not uncertain or ambiguous. The jury by this time, we believe, understood.
The second issue has to do with quantum. Appellant argues that, if we do not set aside the verdict of the jury as being based upon erroneous instructions, we should set it aside as being a clear abuse of the jury’s discretion. We have examined this record in detail and we cannot say that the jury’s award of the total amount of $10,000 to plaintiff was an abuse of its discretion.
La.C.C. art. 1999 declares that when damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of those damages. The record must show that the trial court abused its discretion in making an award before an appellate court may disturb that award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Where testimony is in conflict, a reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact. Conly v. Town of Forest Hill, 463 So.2d 72 (La.App. 3rd Cir.1985).
A review of the record shows that there was conflicting testimony and serious credibility issues raised at the trial, as to both the cause and severity of Darby’s injuries. There was a question of whether plaintiff’s injuries were caused not by this accident but by another occurrence.
On the evidence presented the trier or fact could have reasonably concluded that the plaintiff’s injuries resulting from this accident justified a total award of no more than $10,000.
For the foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellant.
AFFIRMED.