617 So.2d 612 (1993)
Elaine LACOMBE, et al., Plaintiffs-Appellees,
v.
DR. WALTER OLIN MOSS REGIONAL HOSPITAL, Defendant-Appellant.
No. 92-573.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Rehearing Denied May 25, 1993.
*613 DeAnn Gibson, Clayton Arthur Larsh Davis, Lake Charles, for defendant-appellant.
Steven Broussard, Lake Charles, Kermit A. Doucet, Lafayette, for plaintiff-appellee.
Before DOUCET, YELVERTON and COOKS, JJ.
DOUCET, Judge.
Defendant, Dr. Walter Olin Moss Regional Hospital (Moss), appeals a trial court judgment awarding damages in a malpractice suit.
On May 31, 1988, the 37-year-old plaintiff, Elaine LaCombe, was admitted to Moss for a bladder suspension operation. The surgery was performed by Dr. Dicey Gay Lee, a third-year resident. She was supervised by Dr. James Walker, a fourth-year resident. The Staff Gynecologist who oversaw the residents during the surgery, was Dr. Leon Gillard. Upon regaining consciousness in the recovery room, Mrs. LaCombe began complaining of severe pain in her right buttock, shooting down the back of her right leg. A specialist was called in to determine the source of the pain. Sciatic nerve injury was diagnosed. Mrs. LaCombe underwent a CAT scan, an MRI, and a myleogram. All tests showed normal results, and back injury was ruled out as a cause of the problem. It is undisputed that Mrs. LaCombe still suffers from nerve damage and that the injury is permanent.
Mrs. LaCombe filed a medical malpractice claim against Moss and the doctors involved in the surgery. On June 6, 1990, a medical review panel rendered a decision finding no breach of the appropriate standard of care by the defendants. On August 31, 1990, Mrs. LaCombe filed this malpractice suit against Moss and the doctors. By the time of trial all defendants except Moss had been dismissed from the litigation.
After a trial on the merits, the trial judge rendered judgment in favor of the plaintiff. The court awarded $200,000 in general damages, $24,128 in past lost earnings, $120,000 in future loss of earning capacity, and $20,086.98 in past medical expenses. He denied the plaintiff's claim for future medical expenses.
The plaintiff moved for and was granted a new trial on the issue of future medical expenses. As a result, the trial judge, citing La.R.S. 40:1299.39(F)(4), rendered an *614 amended judgment awarding future medical expenses in an indefinite amount to be paid as incurred.
Moss appeals.

RES IPSA LOQUITUR
The trial judge found that, applying the doctrine of res ipsa loquitur to the evidence, the plaintiff had proven her case. Accordingly, he found Moss responsible under a theory of respondeat superior for the negligent conduct of its agents (the personnel who prepared the plaintiff for surgery and the doctors who conducted the operation).
By two of its assignments of error, Moss contends that the trial court incorrectly applied the doctrine of res ipsa loquitur and that the plaintiff failed to carry her burden of proving her case, either by direct evidence or by circumstantial evidence, through the use of the doctrine of res ipsa loquitur.
If res ipsa loquitur is used then the requirement of La.R.S. 9:2794, that the plaintiff in a malpractice action prove a breach of the standard of care, is inapplicable. La.R.S. 9:2794(C). The Louisiana Supreme Court, in Cangelosi v. Our Lady of Lake Med. Ctr., 564 So.2d 654, 665-666 (La.1989) outlined the proper application of the doctrine of res ipsa loquitur in a medical malpractice case:
Negligence on the part of the defendant may be proved by circumstantial evidence alone when that evidence establishes, more probably than not, that the injury was of a kind which ordinarily does not occur in the absence of negligence, that the conduct of the plaintiff or of a third person was sufficiently eliminated by the evidence as a more probable cause of the injury, and that the indicated negligence was within the scope of the defendant's duty to the plaintiff. Restatement, supra, § 328D. Although the fact that an accident has occurred does not alone raise a presumption of the defendant's negligence, the doctrine of res ipsa loquitur (the thing speaks for itself) permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury.6 S. Speiser, Res Ipsa Loquitur § 1:1 (1972). The doctrine of res ipsa loquitur involves the simple matter of a plaintiff's using circumstantial evidence to meet the burden of proof by a preponderance of the evidence.7 McCormick on Evidence § 342, at 966-67 (E. Cleary 3d ed. 1984). The doctrine merely assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available. J. Lee & B. Lindahl, supra, § 1522 n. 4. The doctrine permits, but does not require, the trier of fact to infer negligence from the circumstances of the event.8 McCormick on Evidence, supra, § 342, at 967; Boudreaux v. American Insurance Co., supra[, 262 La. 721, 264 So.2d 621 (1972) ]; Larkin v. State Farm Mutual Automobile Insurance Co., supra [233 La. 544, 97 So.2d 389 (1957) ].
In order to utilize the doctrine of res ipsa loquitur the plaintiff must establish a foundation of facts on which the doctrine may be applied. S. Speiser, supra, § 2:1, at 30. The injury must be of the type which does not ordinarily occur in the absence of negligence. Restatement, supra, § 328D(1)(a). In other words, "the event must be such that in light of ordinary experience it gives rise to an inference that someone must have been negligent". W. Prosser & W. Keeton, supra, § 39, at 244. The basis on which this conclusion is drawn is usually knowledge common to the community as a whole, although in cases such as medical malpractice expert testimony may be used to establish this principle. Id. at 247; Restatement, supra, § 328D, comment d. The plaintiff does not have to eliminate all other possible causes or inferences, but must present evidence which indicates at least a probability that the injury would not have occurred without negligence. W. Prosser & W. Keeton, supra, § 39, at 248; S. Speiser, supra, § 2:4.
The facts established by plaintiff must also reasonably permit the jury to discount other possible causes and to conclude it was more likely than not that the *615 defendant's negligence caused the injury. Restatement, supra, § 328D(1)(b); S. Speiser, supra, § 2:5. Again, the plaintiff does not have to eliminate completely all other possible causes, but should sufficiently exclude the inference of his own responsibility or the responsibility of others besides the defendant in causing the accident.9 The inference of negligence points to the defendant when the conduct of others is eliminated as a more probable cause. Restatement, supra, § 328D, comment i; W. Prosser & W. Keeton, supra, § 39, at 254. The plaintiff must show not only that an accident occurred or that the accident was caused by the negligence of someone, but also that the circumstances warrant an inference of defendant's negligence.
The plaintiff must also establish that the defendant's negligence indicated by the evidence falls within the scope of his duty to the plaintiff. Restatement, supra, § 328D(1)(c). This is often, but not necessarily, proved by a showing that the defendant was in exclusive control of the injury-causing instrumentality.
Use of the doctrine of res ipsa loquitur in a negligence case, as in any case involving circumstantial evidence, does not relieve the plaintiff of the ultimate burden of proving by a preponderance of the evidence all of the elements necessary for recovery. J. Wigmore, supra, § 2509. When all the evidence is in, the question for the jury is whether the preponderance of the evidence is with the plaintiff. Larkin v. State Farm Mutual Automobile Insurance Co., supra; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815 (1913). (Footnotes omitted)
Expert testimony established that Mrs. LaCombe is suffering from a sciatic nerve injury and that the injury is permanent. Experts on both sides agreed that sciatic nerve injury is not a known risk of this surgery. The testimony indicates that she went into the hospital without the injury and came out with it. The various experts expressed three theories as to the cause of the injury: 1) her position during surgery put pressure on the nerve; 2) the nerve was nicked or caught in a suture during surgery; or, 3) either immediately prior to or after surgery, an injection of medication was made directly into the nerve. The actual cause of the nerve injury, however, could not be established.
After reviewing the record in this matter in light of the elements laid out in Cangelosi, supra, we agree with the trial court that the evidence warrants an inference that negligence on the part of the defendant caused the injury to Mrs. LaCombe. Further, none of the theories put forward as to the cause of the injury negates the inference. Accordingly, we find no error in the trial judge's determination that Mrs. LaCombe carried her burden of proof under the doctrine of res ipsa loquitur.

VICTIM FAULT
The defendant next argues that the trial court should have found that Mrs. LaCombe was guilty of fault which contributed to her injury. The defendant contends that had Mrs. LaCombe, prior to her surgery, disclosed a previous back injury or injuries, steps could have been taken to prevent the injury. The evidence, however, does not support this argument. It is true that Mrs. LaCombe was involved in two automobile accidents some years before the surgery, and that she sought chiropractic treatment of a back injury as a result. However, neither the numerous and repetitive diagnostic tests undergoneby Mrs. LaCombe nor the testimony of the various expert physicians involved revealed any connection between a previous back injury, or any back injury, and Mrs. LaCombe's current nerve damage. All the evidence indicates that Mrs. LaCombe's back and spine were normal and that the nerve damage did not result from a back injury. Nor did the evidence reveal any residual injury from the supposed prior injury. Further, there was testimony that knowledge of possible prior back injury would not have changed the conduct of the surgery.
A trier of fact's determinations as to comparative fault are factual and will not be disturbed on appeal absent manifest *616 error or abuse of discretion. See Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3 Cir.1984).
Finding no abuse of discretion on the part of the trial judge, we will not disturb his determination that Mrs. LaCombe was not at fault in this matter.

QUANTUM OF DAMAGES
The defendant next argues that the trial court made an excessive award of general damages and past and future lost wages.
With regard to lost wages, the defendant argues that there was insufficient evidence to support any such award.
To the contrary, our review of the evidence shows ample evidentiary support for the trial court's award. Prior to surgery, Mrs. LaCombe had completed training as a nurse's aide. She worked one day as an aide before being admitted to Moss for surgery. She testified as to her intent, prior to the injury, to continue her education to become a licensed practical nurse (LPN). Her treating physician testified that Mrs. LaCombe is no longer able to work as a nurse's aide or as an LPN. He stated that while she could be retrained to do sedentary work, she would still have "down time" due to pain. Dr. Glenn Hebert, a licensed rehabilitation counselor and licensed professional counselor, testified via deposition as the defendant's witness. He stated his opinion that prior to the injury Mrs. LaCombe was ambitious and motivated. As a result, he felt that she would have continued her work as a nurse's aide. He further opined that she would have pursued LPN training as planned, and that she had the intellectual ability to succeed. He further stated that his review of Dr. Dilke's psychological evaluation of Mrs. LaCombe convinced him that she was not a candidate for rehabilitation. He stated that she might be successfully rehabilitated if her psychological problems were dealt with.
Donald Cornwall, an economist, gave uncontradicted testimony projecting Mrs. LaCombe's lost wages over her lifetime. It is apparent that the trial judge took this testimony into account in fixing the lost wage awards.
We find no error in these awards and will not disturb them.
As to general damages, the defendant suggests that the greatest award to which Mrs. LaCombe is entitled is $100,000.00.
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
With regard to appellate review of the much discretion of the trier of fact in the award of general damages, La.C.Civ.P. art. 1934(3), we stated (after exhaustive review of the facts, and reversing the appellate court for disturbing (on the basis of prior awards) the trier of fact's award) in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (1967) (Italics ours):
"The law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the trial court....
* * * * * *
Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's "much3 discretion," La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is *617 a resort to prior awards appropriate under Coco [v. Winston Industries, Inc., 341 So.2d 332 (La.1977) ] for purposes of then determining what would be an appropriate award for the present case."
Reck v. Stevens, 373 So.2d 498, 501 (La. 1979).
The record reflects that Mrs. LaCombe has been in near constant pain since the surgery. She takes numerous medications to control her symptoms. She wears a brace on her right leg to help foot drop. Her right leg has atrophied in spite of physical therapy.
Dr. Trahan, her treating physician, indicated that Mrs. LaCombe's condition is permanent. He further stated that 98% of people with her condition develop hip problems, degenerative arthritis, or scoliosis. Additionally, Mrs. LaCombe has been under psychiatric treatment since April 1990, for severe depression resulting from her injury. This treatment includes one ten-day inpatient session in the mental health unit of Lake Charles Memorial Hospital.
After reviewing the evidence, we cannot conclude that the award of general damages is so excessive as to constitute an abuse of the trial court's discretion.

FUTURE MEDICAL AWARD
The defendant further argues that the trial judge erred in awarding an open-ended award of future medical expenses in an indefinite amount.
The trial court based its decision to grant future medicals in an indefinite amount on LaMark v. NME Hospitals, Inc., 522 So.2d 634, 638 (La.App. 4 Cir.), writ denied, 526 So.2d 803 (La.1988) which states that:
The Commissioner's second argument is that because the statute says that the court must determine whether there is a need for future medical care and related benefits and "the amount thereof," the trial court erred by awarding expenses for future medical care as incurred without specifying an amount. The Commissioner cites Sibley v. Board of Supervisors of Louisiana State University, 490 So.2d 307 (La.App. 1st Cir.1986), in which the First Circuit had to interpret the language of La.R.S. 40:1299.39(B), a statute which relates to medical malpractice claims against the state and which incorporates a virtually identical scheme for the recovery of future medical care as does Section 1299.43. In Sibley, the appellate court was instructed by the Louisiana Supreme Court to award medical expenses to the plaintiff following a retroactive amendment to R.S. 40:1299.39 stating that its $500,000 limitation on damages was to be exclusive of future medical care and related benefits. 490 So.2d at 309. Based on the trial court record, which was replete with expert testimony establishing the need for future medical care, the First Circuit analogized the statutory scheme to that governing alimony and child support awards, and thus awarded future medical care in terms of a per annum cap to be paid as the expenses accrue. Id. at 310.

Sibley does not convince us that the trial court should have awarded a total or an annual amount of future medical care in the instant case. In Sibley, there was a dispute as to whether future medical care was necessary; there is no such dispute in the instant case, as defendant admits that Helen LaMark is in need of such care. Although the statute is less than artfully drawn, we think that the provisions in Section 1299.43(A) requiring the jury or the trial judge to determine whether such care is needed and "the amount thereof" contemplate a situation where the need for future care is in dispute. Where such fact is admitted, however, we see nothing wrong with a separate judgment approving each amount of expenses as they are incurred. The statute as a whole confirms our interpretation by providing that future medical expenses are generally to be paid as incurred and by giving the district court continuing jurisdiction for this very purpose. Because the court has continuing jurisdiction, the Commissioner has the opportunity to object to any particular expense as being unreasonable at the time it is submitted for judgment. In short, although the setting of an annual limit on medical expenses damages might *618 be more convenient to the administration of the Fund than the method adopted by the district court, it is not mandated by the statute.
The defendant argues that LaMark is distinguishable from the case currently before the court since, in LaMark the need for future medicals was undisputed. We find the distinction negligible since in this case the need for future medical care has been established by uncontradicted testimony.
Dr. Trahan testified that Mrs. LaCombe's condition is permanent. Thus, the need for medication is permanent. Further, as we have previously stated, Dr. Trahan testified that 98% of those with Mrs. LaCombe's condition develop hip problems, degenerative arthritis, or scoliosis. Therefore, Mrs. LaCombe will, more likely than not, require treatment for one or more of these conditions. Witnesses for both plaintiff and defendant testified that Mrs. LaCombe should participate in a pain management clinic. Further, the testimony indicates that Mrs. LaCombe is in need of continuing psychiatric care.
In light of this uncontradicted evidence, we find no error in the decision of the trial judge to apply the holding of LaMark to this case.

REBUTTAL DEPOSITION OF DR. TRAHAN
Finally, the defendant argues that the trial court erred in allowing admission of Dr. Trahan's deposition taken for purposes of rebuttal where it contained improper rebuttal testimony.
In reaching a decision on the effect of an alleged error, the determination is whether the error, if any, when compared to the record as a whole, has a substantial effect on the outcome of the case. American Mfrs. Mut. Ins. v. GMC, 582 So.2d 934 (La.App. 2 Cir.1991).
Even if the admission of this deposition was error, our review of the record convinces us that it had no effect on the outcome of the case. Therefore, the error, if any, was harmless.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant, Moss.
AFFIRMED.