703 So.2d 695 (1997)
Jessica DARDEAU, Plaintiff-Appellant,
v.
James A. ARDOIN, et al., Defendants-Appellees.
No. 97-144.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1997.
Rehearing Denied January 8, 1998.
*696 Anthony Fazzio, for Jessica Dardeau.
Alan K. Breaud, Lafayette, for James A. Ardoin, M.D.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
This appeal arises out of a medical malpractice action filed by Jessica Dardeau against Dr. James A. Ardoin for injuries allegedly sustained during an operative procedure on May 25, 1993. After Dr. Ardoin's death in October of 1994, plaintiff supplemented her petition to add as defendants, Joseph P. Weeks, III, as administrator of the Estate of James A. Ardoin, the Estate of James A. Ardoin, and Louisiana Medical Mutual Insurance Company (LAMMICO), Dr. Ardoin's medical malpractice insurer. Dr. Ardoin's estate and its administrator were dismissed without prejudice, and the case continued against his insurer, LAMMICO. After a trial on the merits, the jury rendered a verdict in favor of LAMMICO, and judgment was rendered dismissing plaintiff's claims.
Ms. Dardeau appeals presenting two assignments of error. First, plaintiff contends that the trial court erred by allowing hearsay into evidence at trial and, secondly, in failing to instruct the jury on the applicable law. Plaintiff urges that due to these legal errors committed by the trial court, the manifest error standard of review is inapplicable, and this court should make a de novo review.

Facts
Plaintiff alleges that when she was 28 years old, she came under the care of Dr. James Ardoin for routine female examinations. She contends that after her first visit with Dr. Ardoin, he recommended and performed radical surgery consisting of a bladder suspension, cystocele repair, rectocele repair, complete hysterectomy and removal of her ovaries. According to the plaintiff, Dr. Ardoin injured her obturator nerve during the cystocele surgery and that as a result, she has sustained permanent paralysis in her right leg.
LAMMICO contends that when Ms. Dardeau was first seen by Dr. Ardoin, she complained of loss of urine with coughing, sneezing, jumping, and running. She stated that she emptied her bladder frequently to avoid leakage. Plaintiff related a history of a tubal ligation after the birth of her second child. Plaintiff's mother had a history of urinary incontinence and her father had bladder cancer. Plaintiff also complained of painful menstrual periods associated with heaviness in the pelvic region and pain with intercourse. Dr. Ardoin noted a cystocele or herniation of the bladder, a rectocele or herniation of the rectum through the vagina, and some uterine descensus or falling of the uterus. He recommended conservative treatment and advised Ms. Dardeau to return in one month.
According to defendant, plaintiff's complaints persisted and Dr. Ardoin recommended diagnostic studies. After review of the diagnostic studies, he suggested surgery to correct the urinary incontinence and to repair the cystocele and rectocele. Dr. Ardoin also recommended a hysterectomy due to the uterine descensus and complaints of dyspareunia or pain with intercourse and dysmenorrhea or painful menstruation. After a discussion of the procedures, plaintiff executed three consent forms, which were introduced into the record. A second opinion was obtained from Dr. Francisco Cantu who agreed with Dr. Ardoin's findings and recommendation for surgery.
After surgery, plaintiff complained of leg pain. It was determined that she suffered, according to defendant, a rare but known complication of injury to the obturator nerve. The record reflects that a medical review panel rendered a unanimous opinion that Dr. *697 Ardoin did not breach the standard of care in his treatment of Ms. Dardeau and that she had been adequately informed by Dr. Ardoin that serious complications could occur in connection with the surgical procedures. Furthermore, the panel found that Dr. Ardoin recognized the complication early and addressed it appropriately.
The jury concluded that Dr. Ardoin obtained Ms. Dardeau's informed consent prior to surgery; that a reasonable person would have accepted the risk of an obturator nerve injury based upon the medical condition of the plaintiff at the time of the surgery; that Dr. Ardoin was not guilty of substandard conduct constituting malpractice; and that plaintiff's injury was not caused by any substandard conduct on the part of Dr. Ardoin. For the following reasons, we affirm.

Hearsay
Dr. Ardoin passed away prior to trial. Plaintiff complains in brief that the introduction of progress notes or office chart by Dr. Ardoin constitute hearsay. She argues that LAMMICO defended this case on unauthenticated progress notes claimed to be made by Dr. Ardoin. We note that plaintiff's own expert testified he relied upon Dr. Ardoin's office chart to render his opinion in the case. At any rate, specifically, Ms. Dardeau argues that LAMMICO attempted to introduce Dr. Ardoin's office chart through Norma Fontenot, Dr. Ardoin's receptionist, who could not provide any of the qualifying circumstances set forth in La.Code Evid. arts. 803 and 804 that ensure the trustworthiness of these records. More specifically, plaintiff argues that Ms. Fontenot did not have personal knowledge of the information contained in the progress notes and had no recollection of anything in the office chart.
We note that a significant portion of Dr. Ardoin's chart is included in the records of Humana Hospital of Ville Platte which were introduced at trial without objection. Nevertheless, Dr. Ardoin's office chart is admissible under several articles of the Louisiana Code of Evidence. Specifically, Dr. Ardoin's office chart created during the course of his treatment of the plaintiff constitutes a record maintained in the course of a regularly conducted business activity under La.Code Evid. art. 803(6). Dr. Ardoin's receptionist, Norma Fontenot, testified at trial that the office chart was created in connection with Dr. Ardoin's business, that the entries in the chart were made at the time of treatment, and that the entries were made by Dr. Ardoin who had personal knowledge of the information in the chart. Ms. Fontenot testified that she has never seen any chart being altered or falsified by Dr. Ardoin, nor did Dr. Ardoin request that she alter any office chart. Finally, no evidence was presented by plaintiff to indicate that Dr. Ardoin's records were untrustworthy.
Dr. Ardoin's office chart is likewise admissible under La.Code Evid. art. 803(4) relating to statements made for the purpose of medical treatment and diagnosis in connection with treatment. Dr. Ardoin's records which were made contemporaneously with the history and complaints related by plaintiff constitute statements made for the purpose of medical treatment and diagnosis, and thus the office chart falls under the art. 803(4) exception to the hearsay rule.
The trial court has broad discretion in determining the admissibility of evidence. See Futrell v. Scott Truck and Tractor Co., 629 So.2d 449 (La.App. 3 Cir.1993), writ denied 94-0327 (La.3/25/94), 635 So.2d 232, citing Combs v. Hartford Ins. Co., 544 So.2d 583 (La.App. 1 Cir.), writ denied 550 So.2d 630 (La.1989). See also Bennett v. SEDCO Maritime, 520 So.2d 894 (La.App. 3 Cir. 1987). Furthermore, courts are to resolve the admissibility of evidence in favor of receiving the evidence. Lemoine v. Hessmer Nursing Home, 94-836 (La.App. 3 Cir. 3/1/95), 651 So.2d 444. Thus, we conclude it was not an abuse of discretion for the trial court to allow the introduction of Dr. Ardoin's office chart and progress notes.

Jury Instruction
By her second assignment of error, Ms. Dardeau contends that the trial court erred in refusing to charge the jury regarding the doctrine of res ipsa loquitur. We note that plaintiff neglects to direct the court to any objection in the record to the lack of an instruction on res ipsa loquitur, nor can *698 one be found from review of the record. Plaintiff cannot now complain of the absence of a res ipsa instruction on appeal. La.Code Civ. P. art. 1793(C); Darby v. Allstate Ins. Co., 535 So.2d 1250 (La.App. 3 Cir.1988). Even if plaintiff had made a timely objection to the lack of an instruction on res ipsa loquitur, our ruling would be the same. The plaintiff complains that the following instruction to the jury directly contradicts the doctrine of res ipsa loquitur:
In this case Dr. James A. Ardoin is not charged with the burden of showing the cause of the occurrence which gave rise to injury or damage suffered by Jessica Dardeau. The mere fact there is a complication during or following medical treatment is not an indication of substandard care provided by a physician.
Upon objection, the court cautioned the jury that this instruction should not have been given and instructed the jury to disregard it. Plaintiff complains, however, that the jury was not instructed on the doctrine of res ipsa loquitur in place of that instruction it was told to disregard. We note that the jury was instructed on res ipsa loquitur as follows:
In a few exceptional cases, the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the person having control of the thing which caused the injury. This inference may be drawn because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.
The plaintiff urges this court to consider LaCombe v. Dr. Walter Olin Moss Regional Hospital, 617 So.2d 612 (La.App. 3 Cir.), writ denied, 626 So.2d 1187 (La.1993), where this court upheld the application of res ipsa loquitur in a case involving an injury during a bladder suspension operation. However, that case is distinguishable in that in LaCombe experts on both sides agreed that the injury sustained in that case was not a known risk of a bladder suspension operation. This is not the case in the matter sub judice. The evidence reflects that all experts agree that an obturator nerve injury, albeit a remote one, is a recognized complication of the surgery undergone by Ms. Dardeau.
Having found no error on the part of the trial court, we affirm the jury verdict and the judgment of the trial court. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.
THIBODEAUX, Judge, dissenting.
The trial court incorrectly allowed the records of Dr. James Ardoin into evidence. In my view, those records were clearly hearsay. This hearsay evidence was not supported by the necessary qualifying circumstances which would ensure the trustworthiness of those documents. That evidence was simply lacking. Since this legal error tainted the fact finding process, I would reverse the judgment below and conduct a de novo review of the entire proceeding without a consideration of the inadmissible hearsay evidence.
For the foregoing reasons, I respectfully dissent.